## Black, et al. v. Road Commissioners of Crittenden County, et al.

(Decided January 22, 1924.)

### Appeal from Crittenden Circuit Court.

Counties—Change of Route Held Not to Prevent Use of Proceeds of Road Bonds.—Though a fiscal court prior to an election on a bond issue named the roads to be constructed with the proceeds, where under Acts 1920, chapter 17, subsequently passed, a proposed road was a part of the primary system of state highways, its location was for the state highway engineer and the state highway commission, subject to the approval of the proper officer of the federal government, under Kentucky Statutes, sections 4356t-3, 4356t-5, Act Cong., July 11, 1916 (U. S. Comp. Stats., sections

7477a-7477i), and a change of route did not prevent the use of the proceeds of the bond issue.

T. C. BENNETT and J. ELLIOTT BAKER for appellants.

J. W. BLUE, JR., and JOHN A. MOORE for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On April 14, 1919, the county court of Crittenden county entered an order calling an election to be held on June 18, 1919, for the purpose of submitting to the voters the question whether the county should issue bonds in the sum of $150,000.00, for the purpose of building, constructing and reconstructing public roads and bridges in the county.

On May 7, 1919, the fiscal court entered the following order:

"Whereas, there is to be a road bond issue voted on on the 18th day of June, 1919, for the purpose of building roads and bridges in Crittenden county, Kentucky:

"Now, therefore, it is ordered by the fiscal court of Crittenden county, Kentucky, in regular session, that in the event said bond issue carries that the following roads be built:

"Federal highway from the Livingston county line at Croson's branch to the Union county line, at the mouth of Cypress on Tradewater river, same to be macadam and 16 feet wide; inter-county seat roads from the Caldwell county line to Marion, Kentucky; from the federal highway near Franklin mines to the intersection of the Elizabethtown and Marion and Tolu road; from Marion, Kentucky, to Shady Grove, Kentucky; from the Marion and Shady Grove road, beyond Deanwood, to Fishtrap or Piney; and from Marion and Princeton road to Mexico, Kentucky, same to be macadam and 9 feet wide, and so far as practicable to follow the present right of way."

The election was held at the appointed time and the bond issue was carried by a substantial majority. At that time what is known as the "State Aid Road Law" was in effect, but before any appropriation of the proceeds of the bond issue had been made by the commissioners, the General Assembly repealed the State Aid Road Law and

adopted the present road law, establishing a state primary road system, and providing that such roads should be built and maintained by the state. Acts 1920, c. 17, p. 76; Kentucky Statutes, sections 4356t-1 to 4356t-16 inclusive. When this law was enacted, the survey locating the federal highway through Crittenden county had not been completed. Thereafter, the state highway commission surveyed both routes and adopted the route by Perry's ferry, instead of the route by the mouth of Cypress, as fixed in the order of the fiscal court. The two routes coincide for a portion of the distance and then diverge and run parallel for several miles.

On October 4, 1921, the county road commissioners passed a resolution appropriating $3,000.00 per mile to aid in the construction of the federal highway. On the same day the action of the commissioners was ratified and approved by the fiscal court.

This suit was brought by F. L. Black and others, citizens and taxpayers of the county, residing between Mattoon and the mouth of Cypress, against the county road commissioners, the members of the fiscal court and others to enjoin the appropriation of any portion of the proceeds of the bond issue to the construction of the federal highway. On final hearing the petition was dismissed and plaintiffs have appealed.

The suit proceeds on the theory that any appropriation of any portion of the proceeds of the bond issue to any other route than that fixed by the fiscal court was an unlawful diversion of the funds and should be enjoined. True, it was ruled in Scott v. Forrest (174 Ky. 672, 192 S. W. 691), that where a fiscal court, prior to an election on a bond issue, names the roads to be constructed with the proceeds of such issue, and the bond issue is carried on the faith of such order, the fiscal court is without authority thereafter to repeal or amend the order, and thereby defeat the purpose for which the bonds were voted; but that was a case involving roads which the fiscal court then had the power to locate, and the reason for the ruling was that the voters had the right to rely on the fact that the order made prior to the election expressed the final determination of the fiscal court and to cast their ballots accordingly. The case before us is altogether different. Under the law in force when the proposed road was finally surveyed and located, it was a part of the primary system of state highways, and its location between designated points was for the state high-

way engineer and the state highway commission, subject to the approval of the proper officer of the federal government (sections 4356t-3, 4356t-5, Kentucky Statutes; U. S. Statutes at Large, vol. 39, c. 241, p. 355), and the order of the fiscal court fixing a different location, even if the fiscal court then had a voice in the matter, was rendered ineffective by the act of 1920. That being true, the voters had no right to rely on the order of the fiscal court as being a final determination of the matter, but voted subject to the power of the legislature to lodge the ultimate decision of the question, so far as the state is concerned, with the state highway commission. Having this view of the matter, it follows that the proceeds of the bond issue may be applied to the construction of the road as fixed by the state highway commission, and that the injunction sought by appellants was properly refused.

Judgment affirmed.